**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**CARDINAL HEALTH 110, INC., et al.** **PLAINTIFFS**

**V.** **CIVIL ACTION NO. 1:08-CV-67-SA-JAD**

**SMITHVILLE PHARMACY, INC., et al.** **DEFENDANTS**

## MEMORANDUM OPINION

This case arises from an open account debt accrued by Defendant Smithville Pharmacy, Inc. (Smithville) and a personal guaranty by Defendant S. Philip Carson. On May 8, 2009, this Court granted summary judgment in favor of Plaintiffs in the principal amount of $272,795.08 and found that Carson was personally liable for Smithville's debt. The Court further ordered Plaintiffs to submit a detailed accounting of interest and attorney's fees, and a brief in support of their demand thereof.

Plaintiffs submitted their brief on May 18, 2009, and Defendants have not responded. However, on June 24, 2009, Defendant Carson entered a Suggestion of Bankruptcy. Accordingly, the Court dismissed him from this matter.

*Pre-Judgment Interest*

Under Mississippi law, in order to receive pre-judgment interest, a claimant on an open account must make a specific request in the pleadings, sufficient to fulfill the requirements of Rule 8 of the Mississippi Rules of Civil Procedure. Gulf City Seafoods, Inc. v. Oriental Foods, Inc., 986 So. 2d 974, 980 (Miss. Ct. App. 2007) (citing W. Center Apartments, Ltd. v. Keyes, 371 So. 2d 854, 858 (Miss. 1979); Estate of Stevens v. Wetzel, 762 So. 2d 293, 295 (Miss. 2000); MISS. CODE ANN. § 75-17-1(1)). In the case *sub judice*, Plaintiffs specifically demanded pre-judgment interest in their Complaint.

Mississippi Code Annotated Section 75-17-1 provides: "The legal rate of interest on all notes, accounts and contracts shall be eight percent (8%) per annum, calculated according to the actuarial method." MISS. CODE ANN. § 75-17-1(1); see also Gulf City Seafoods, Inc., 986 So. 2d at 980 (affirming lower court's application of Miss. Code Ann. § 75-17-1(1)). The amount of interest is to be calculated from the date the Plaintiffs filed their Complaint. Gulf City Seafoods, Inc., 986 So. 2d at 980. Further:

> Under the actuarial method, at the end of each unit-period (or fractional unit period) the unpaid balance of the amount financed is increased by the finance charge earned during the period and is decreased by the total payment (if any) made at the end of that period.

Bumpus v. Vandeford, 2002 U.S. Dist. 20062, *17 n. 8 (N.D. Miss. Mar. 27, 2002) (quoting 12 C.F.R. § 226, App. J(A)(2)); see also Stovall v. Illinois Cent. Gulf R.R. Co., 722 F.2d 190, 192 (5th Cir. 1984).

Plaintiffs filed their Complaint on April 7, 2008. Using the guidelines cited above, the Court finds that $21,823.61 of interest accrued from April 7, 2008, to April 6, 2009.[1] Further, $9,105.10 of interest accrued from April 7, 2009, through the date of this opinion.[2] Therefore, the Court awards Plaintiffs $30,928.71 of pre-judgment interest.[3]

*Attorney's Fees*

Mississippi law allows the recovery of attorney's fees by a prevailing plaintiff in a suit on an open account. The statute provides:

---

[1] $272,795.08 (principal) * .08 (8% interest) = $21,823.61

[2] [$272,795.08 (original principal) + $21,823.61 (2008 interest)] * .08 (8% interest) * [141/365 (prorated period of time from April 7, 2009, through August 26, 2009)] = $9,105.10

[3] $21,823.61 + $9,105.10 = $30,928.71

2

> When any person fails to pay an open account within thirty (30) days after receipt of written demand therefor correctly setting forth the amount owed and an itemized statement of the account in support thereof, that person shall be liable for reasonable attorney's fees to be set by the judge for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the plaintiff.

MISS. CODE ANN. § 11-53-81.

Mississippi courts strictly construe the open accounts statute. Gulf City Seafoods, Inc., 986 So. 2d at 977. Therefore, "[w]ritten demand made upon the debtor must be by means of a demand letter," in order for the statute authorizing attorney's fees to apply. Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 619 So. 2d 908, 915 (Miss. 1993) (citing Putt v. Ray Sewell Co., 481 So. 2d 785, 787 (Miss. 1985)). A plaintiff is not entitled to attorney's fees under Section 11-53-81 where its claim is based on a contract, rather than on an open account. Id. at 914 (citing C. R. Daniels, Inc. v. Yazoo Mfg. Co., 641 F. Supp. 205, 210 (S.D. Miss. 1986)).

Additionally, in order to receive attorney's fees under Section 11-53-81, a plaintiff must secure a "judgment on the claim in the amount sued for." Barnes, Broom, Dallas & McLeod, PLLC v. Estate of Cappaert, 991 So. 2d 1209, 1214 (Miss. 2008). However, a plaintiff in an open account case may be awarded attorney's fees if "the amount recovered lacked but a few dollars being the entire amount sued for." Rainbow Rental & Fishing Tools, Inc. v. Delta Underground Storage, Inc., 542 So. 2d 258, 263 (Miss. 1989).

Mississippi law provides the following general rule as to the awards of attorney's fees:

> In any action in which a court is authorized to award reasonable attorney's fees, the court shall not require the party seeking fees to put on proof as to the reasonableness of the amount sought, but shall make the award based on the information already before it and the court's own opinion based on experience and observation; provided, however, a party may, in its discretion, place before the court other evidence as to the reasonableness of the amount of the award, and the court may consider such evidence in making the award.

MISS. CODE ANN. § 9-1-41. In collection suits, there is a rebuttable presumption that one-third of the judgment obtained is reasonable. Franklin Collection Serv., Inc. v. Stewart, 863 So. 2d 925, 927 (Miss. 2003); Cox, 619 So. 2d at 915-16.[4]

The presumption may be impacted by the following factors, used to determine the reasonableness of attorney's fees:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) The fee customarily charged in the locality for similar legal services;

(4) The amount involved and the results obtained;

(5) The time limitations imposed by the client or by the circumstances;

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation and ability of the lawyer or lawyers performing the services; and

(8) Whether the fee is fixed or contingent.

---

[4]The Mississippi Court of Appeals continues to apply a $5,000.00 limit to this presumption of reasonableness. Gulf City Seafoods, Inc., 986 So. 2d at 979 (citing Dynasteel Corp. v. Aztec Indus., Inc., 611 So. 2d 977, 986 (Miss. 1992)); Cavagnaro v. Coldwell Banker Alfonso Realty, Inc., 995 So. 2d 754, 766 (Miss. Ct. App. 2008). However, the Mississippi Supreme Court has backed away from the $5,000.00 limit articulated in Dynasteel. Franklin Collection Serv., Inc., 863 So. 2d at 927-28 (lower court's award of fees in excess of one-third of indebtedness upheld as reasonable); Cox, 619 So. 2d 908, 915 (Miss. 1993) (presumption of reasonableness did not apply and fee was excessive because it was greater than one-third of the judgment on the debt); Par Indus., Inc. v. Target Container Co., 708 So. 2d 44, 54 (Miss. 1998) (award of $67,156.49 in fees on judgment $201,469.48 received benefit of presumption of reasonableness). The Court, therefore, will follow the post-Dynasteel opinions from the Mississippi Supreme Court that do not limit the presumption of reasonableness to fee demands of $5,000.00 or less.

Allen v. Mac Tools, Inc., 671 So. 2d 636, 644 (Miss. 1996). Additionally, "[a]n award of attorney's fees that is greater than the recovery on an open account may be an indication that the attorney's fee is exorbitant." Cox, 619 So. 2d at 915.

In the present case, the Plaintiffs have submitted invoices and affidavits to support their demand of $ 43,898.39 in attorney's fees and expenses. Smithville has not disputed the accuracy of these exhibits. In its earlier opinion, the Court found that Plaintiffs submitted a written demand to Smithville, and the Court granted summary judgment in favor of Plaintiffs. See Cardinal Health 110, Inc. v. Smithville Pharm., Inc., 2009 U.S. Dist. LEXIS 39121, *3 (N.D. Miss. May 8, 2009). The requirements of Section 11-53-8, therefore, have been met. See MISS. CODE ANN. § 11-53-81. Further, the Plaintiffs' demand of $43,898.39 is less than one-third of the $272,795.08 judgment in their favor, and the Court must presume that it is reasonable. Franklin Collection Serv., Inc., 863 So. 2d at 927; Cox, 619 So. 2d at 915-16. Smithville has not rebutted that presumption. As such, the Court finds that Plaintiffs' demand is reasonable and awards $43,898.39 in attorney's fees and expenses to Plaintiffs.

*Conclusion*

For the reasons stated above, the Court awards Plaintiffs $30,928.71 in pre-judgment interest and $43,898.39 in fees and expenses. When added to the $272,795.08 the Court has already held Smithville owes to Plaintiffs, the result is a total judgment of $347,622.18. An order of final judgment consistent with this opinion shall be entered on this the 26th day of August, 2009.

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**